BONONI LAW GROUP
 Michael J. Bononi (State Bar No. 130663)
 Michelle M. Gomez-Novy (State Bar No. 168971)
515 South Figueroa Street, Suite 1900
Los Angeles, California  90071
Telephone:  213/553-9200
Facsimile:   213/553-9215
Email:        mbononi@bononilawgroup.com

(List of council confirmed on next page)
Attorneys for Plaintiff
Lauren Tarlecki

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN TARLECKI, on behalf of herself and a class of similarly situated employees,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BEBE STORES, IN C., a Delaware corporation,<br><br>　　　　　Defendant.<br>_____ | **Case No.**<br><br>**COMPLAINT FOR STATUTORY CLASS ACTION**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

_____
COMPLAINT FOR STATUTORY CLASS ACTION

**BONONI LAW  GROUP**

1  CARLSON LYNCH LTD
2  Gary F. Lynch, Esq.
3  R. Bruce Carlsen, Esq.
4  36 North Jefferson Street
5  P.O. Box 7635
6  New Castle, Pennsylvania 16107
7  Telephone:   724/656-1555
8  glynch@carlsonlynch.com
9  bcarlson@carsonlynch.com
10
11 CONNOR & CHUNG
12 Steve P. Connor, Esq.
13 Anne-Marie E. Sargent, Esq.
14 999 Third Avenue, Suite 4200
15 Seattle, Washington 98104
16 Telephone:   206/654-5050
17 info@sconnorlaw.com
18 aes@sconnorlaw.com

19
20
21
22
23
24
25
26
27
28

_____
COMPLAINT FOR STATUTORY CLASS ACTION

2  **BONONI LAW GROUP**

COMES NOW Plaintiff, Lauren Tarlecki, on behalf of herself and others similarly situated, by and through her attorneys, files the following Complaint-Statutory Class Action and, in support thereof, avers as follows:

## JURISDICTION AND VENUE

58758. This action arises under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 et seq.

58759. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

58760. Venue for this action properly lies in the Northern District of California, pursuant to 28 U.S.C. § 1391(b), because the Defendant resides in this judicial district.

## INTRADISTRICT ASSIGNMENT

58761. Pursuant to Civil L.R. 3-2(c), this case is appropriately assigned to the San Francisco division f this Court, because the Defendant resides in San Mateo County.

PARTIES

58762. Plaintiff Lauren Tarlecki is an adult individual residing at 530 W. Ocean Heights Ave., #3A, Linwood, New Jersey 08221.

58763. Defendant Bebe Stores, Inc. (a California Corporation), (hereinafter "bebe"), is a clothing and apparel accessories retailer with its business headquarters located at 400 Valley Drive, Brisbane, California 94005.

## COMPENSATION UNDER THE FLSA

58764. As the principle art of this business, Defendant owns and operates approximately 200 retail clothing stores across the nation.

58765. In 2004, the net sales from the operation of Defendant's retail clothing operation totaled approximately $372 million.

---

1       58766.  Within each individual store, Defendant hires sales associates
2  to assist customers with their purchases and otherwise handle the stocking of the
3  store's merchandise.
4       58767.  Defendant's sales associates are paid an hourly rate.
5       58768.  While working at Defendant's store, each sales associate is
6  required to wear clothing and accessories sold by Defendant.
7       58769.  Each sales associate is obligated to purchase and maintain
8  such uniform from Defendant as the cost of such purchased and maintenance are
9  not reimbursed in any way by Defendant.
10      58770.  In calculating sales associates' wages, no deduction or credit
11 is made for the cost of the uniforms which each sales associate is required to
12 purchase and maintain.
13      58771.  The cost of the purchase and maintenance of such uniform,
14 however, when deducted or credited against each employee's weekly wages during
15 the week in which the purchase are made, often results in such employee being
16 paid less than the appropriate minimum wage under the FLSA.
17      58772.  The FLSA provides, in relevant part, as follows:
18              Every employer shall pay to
19         each of his employees who **in any work**
20         week is engages in commerce or in the
21         production of goods for commerce, or is
22         employed in an enterprise engages in
23         commerce or in the production of goods for
24         commerce, wages at the following rates:
25         ...not less than $5.15 an hour beginning
26         September 1, 1997.
27      29 U.S.C. 206(a)(emphases added)
28

---
COMPLAINT FOR STATUTORY CLASS ACTION

BONONI LAW GROUP

1        58773.  In implementing the FLSA, the Department of Labor
2 ("DOL") has passed regulations which provide, <u>inter alia</u>, as follows:
3             (58788)     The cost of furnishing
4             "facilities" found by the Administrator to be
5             primarily for the benefit or convenience of
6             the employer will not be recognized as
7             reasonable and may not therefore be
8             included in computing wages.
9             (58789)     The following is a list of facilities found by the
10            Administrator to be primarily for the benefit or convenience of
11            the employer:
12                 ...The costs of uniforms of their laundering,
13            where the nature of the business requires the
14            employer to wear a uniform.
15        29 C.F.R. §531(d)(1) and (2)
16        58774.  The DOL regulations specifically prohibit an employer from
17 requiring an employee to expend a portion of their pay for the benefit of the
18 employer, if such expenditures reduces the hourly wage for such work week below
19 the statutory minimum wage:
20             [W]ages cannot be considered to have been paid
21             by the employer and received by the employees unless
22             they are paid finally and unconditionally for "free and
23             clear."  The wage requirements of the [FLSA] will not be
24             met where the employee "kicks back" dir3ectly or
25             indirectly to the employer or to another person for the
26             employer's benefit the whole or part of the wage
27             delivered to the employee...For example, if it is a
28             requirement of the employer that the employee must

---
COMPLAINT FOR STATUTORY CLASS ACTION

5                                                    BONONI LAW GROUP

1 | provide tools of the trade which will be used in or are
2 | specifically required for the performance of the
3 | employer's particular work, there would be a violation of
4 | the [FLSA] in any work week when the cost of such tools
5 | purchased by the employee cuts into the minimum or
6 | overtime wages required to be paid hum under the FLSA.
7 | 29 C.F.R. §531.35.
8 | 58775.  Although the term "uniform" is not expressly defined under te
9 | FLSA, the DOL has suggested certain guiding principles:
10 | If an employer merely prescribes a general type of
11 | ordinary basic street clothing to be worn while working
12 | and permits variations in details of dress the garments
13 | chosen would not be considered to be uniforms...  On the
14 | other hand, where the employer does prescribe a specific
15 | type and style of clothing to be worn at work, e.g., where
16 | a restaurant or hotel requires a tuxedo ora skirt and
17 | blouse or jacket of a specific or distinctive style, color, or
18 | quality, such clothing would b considered uniforms.
19 | DOL's Wage & Hour Filed Operations Handbook §30c12(f).
20 | 58776.  During September, 2002 through May, 2003, Plaintiff worked
21 | for defendant asa sales associate at its bebe store in Shrewsbury, New Jersey.
22 | 58777.  During her initial training, Plaintiff was informed by her
23 | manager that all employees must purchase and, while working, wear clothing and
24 | accessories from Defendant's store.
25 | 58778.  Plaintiff was to be paid $8.00 per hour for her work for
26 | Defendant.
27 | 587779.  Plaintiff purchased from Defendant, purchased from
28 | Defendant, pursuant to Defendant's policy, various clothing to be worn while

---
COMPLAINT FOR STATUTORY CLASS ACTION

6

BONONI LAW GROUP

1 working in Defendant's store.  Such expenditures were not reimbursed by
2 Defendant.
3       58780.  Plaintiff was forced to purchase new clothing at least four to
4 eight times per year.  None the purchases were reimbursed by Defendant.
5       58781.  The purchase of clothing from Defendant was, at all times, a
6 condition of employment.
7       58782. On one or more occasions, after deducting the cost of
8 Plaintiff's uniform purchase, Plaintiff was not paid the statutory minimum wage
9 for the hours she worked.
10       58783.  Plaintiff is an employee of Defendant within the meaning of
11 the FLSA and, as such, is entitled to the benefit of te FLSA's minimum wage
12 requirements.
13       58784.  Defendant is an enterprise engaged in commerce or in the
14 production of goods for commerce, within the meaning of the FLSA.
15       58785.  Defendant's policy of requiring its sales associates to
16 purchase and maintain specific brand name clothing from Defendant to be won
17 while working, while not reimbursing the sales associates for such purchases and
18 maintenance, and not crediting such expenditures against the
19    employee's wages for purposed of calculating minimum wages, represents
20 and results in a violation of he FLSA's minimum wage requirements.
21       **CLASS ACTION ALLEGATIONS**
22       58786.  Paragraphs 1-28 are incorporated by reference as if the same
23 were fully set forth herein.
24       58787.  Plaintiff brings this action on behalf of herself and all other
25 persons similarly situated pursuant to Section 16 of the FLSA, as a statutory "opt-
26 in" class action.
27       58788.  The class consists of:
28

---
COMPLAINT FOR STATUTORY CLASS ACTION

7       BONONI LAW GROUP

1 | All hourly-paid, non-managerial employees (sales
2 | associates) who work or worked at one or more of
3 | Defendant's retail clothing stores (specifically: bebe,
4 | BEBE SPORT and bebe outlet stores) during the past tree
5 | years and who had to purchase and/or maintain a uniform
6 | consisting of clothing and accessories sold by Defendant
7 | and who, after deducting the costs of such uniform
8 | purchases and maintenance from such employees' total
9 | hourly wages for the work week in which such purchases
10 | were made, were not paid minimum cash wages for all
11 | hours worked in such week.

12  Upon information and belief, Plaintiff believes that the definition of the class
13 will be further refined following discovery of Defendant's books and records.

14       58789.  Plaintiff is unable to state the exact number of the class
15 without discovery of defendant's books ad records but estimates the class to exceed
16 2,000 individuals.

17       58790.  There are questions of law and fact common to the class that
18 predominate over any questions affecting individual member only.  These factual
19 and legal questions include the existence and legality of Dependant's uniform
20 policy, as well as the appropriate injunctive relief needed to remedy such illegal
21 policy.

22       58791.  Defendant has acted and refused to act on grounds generally
23 applicable to the class.

24       58792.  The claims of the representative Plaintiff are typical of the
25 claims of the class in that Plaintiff was denied mandatory minimum wages as result
26 of Dependant's uniform policy.  This is the predominate issue which pertains to the
27 claims of each and every class member.

28

---
COMPLAINT FOR STATUTORY CLASS ACTION

BONONI LAW GROUP

58793. The class action is superior to other available methods for a fair and efficient adjudication of the controversy.

58794. Plaintiff will fairly and adequately protect the interests of the class, as her interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate Defendant's illegal employment practice of not reimbursing its sales associates for the cost of their uniforms, to the extent such failure to reimburse results in the payment of less than the mandatory minimum wage.

58795. Counsel for Plaintiff will adequately protect the interests of the class. Such counsel is experienced with employment/class litigation and has previously served as class counsel in employment litigation under Section 16 of the FLSA.

58796. Plaintiff and the class she represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Dependant's pay practices.

58797. Dependant has engaged in a continuing violation of the FLSA.

58798. Plaintiff, as well as the individuals she represents, was denied minimum wages as a result of Defendant's pay practices regarding uniform purchases. This violation was intended by Defendant and was willfully done.

58799. Defendant's action in denying minimum wages to Plaintiff was intentional and constitutes a willful violation of FLSA.

WHEREFORE, Plaintiff respectfully prays that this Court:

a) declare Defendant's conduct to be a violation of the FLSA;

b) grant Plaintiff and the class she represents a permanent injunction enjoying Defendant, its officers, agents, successors, employees, attorneys, assigns and other representatives, and all those

---

COMPLAINT FOR STATUTORY CLASS ACTION

BONONI LAW GROUP

acting in concert with it at its direction, from engaging in any employment policy or practice which violates the FLSA;

c) order Defendant to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and

reimbursement for lost pension, social security, experience, training opportunities and other benefits in an amount to be shown at trial;

d) order Dependant to pay appropriate back pay and an equal amount in liquidated damages to Plaintiff and the class she represents;

e) award counsel for Plaintiff reasonable attorney's fees and costs; and

f) award any further relief which the Court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, and Rule 3-6, Local Rules, United States District Court, Northern District of California, plaintiffs demand trial by jury for all the issues plead herein so triable.

Dated: April 28, 2005

Respectfully Submitted,
BONONI LAW GROUP

By:   /s/ Michelle M. Gomez-Novy

Michael J. Bononi
Michelle M. Gomez-Novy
Attorneys for Plaintiff
Lauren Tarlecki