FILED
OCT 2 4 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  ARTHUR M. EIDELHOCH, Bar No. 168096
   LAURA E. HAYWARD, Bar No. 204014
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA 94108
4  Telephone: 415.433.1940
   Fax: 415.434.2302
5
   Attorneys for Defendant
6  BEBE STORES, INC.

7  STEPHEN P. CONNOR
   CONNOR & CHUNG
8  999 Third Avenue, Suite 4200
9  Seattle, Washington 98104
   Telephone: 206.654.5050
10
   MICHAEL J. BONONI, Bar No. 130663
11 BONONI LAW GROUP
   515 South Figueroa Street, Suite 1900
12 Los Angeles, CA 90071
13 Telephone: 213.553.9200
   Fax: 213.553.9215
14
   Attorneys for Plaintiff
15 LAUREN TARLECKI

16              UNITED STATES DISTRICT COURT
17              NORTHERN DISTRICT OF CALIFORNIA
18                SAN FRANCISCO DIVISION
19

20 LAUREN TARLECKI, on behalf of        Case No. C-05-01777 MHP
   herself and a class of similarly situated
21 employees,                           STIPULATED PROTECTIVE ORDER
22            Plaintiffs,
23       v.
24 BEBE STORES, INC., a Delaware
   corporation,
25
              Defendant.
26
27

STIPULATED PROTECTIVE ORDER         1.         CASE NO. C 05 01777 MHP

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1. PARTY: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff), including class members who have opted in.

2.2. DISCLOSURE OR DISCOVERY MATERIAL: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. "CONFIDENTIAL" INFORMATION OR ITEMS: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4. RECEIVING PARTY: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5. PRODUCING PARTY: a Party or non party that produces Disclosure or Discovery Material in this action.

2.6. DESIGNATING PARTY: a Party or non party that designates information or items'

STIPULATED PROTECTIVE ORDER                     2.                     CASE NO. C 05 01777 MHP

that it produces in disclosures or in responses to discovery as "Confidential."

2.7. PROTECTED MATERIAL: any Disclosure or Discovery Material that is designated as "Confidential."

2.8. OUTSIDE COUNSEL: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9. HOUSE COUNSEL: attorneys who are employees of a Party.

2.10. COUNSEL (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11. EXPERT: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12. PROFESSIONAL VENDORS: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1. **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or non party that designates information or items for protection under this Order must take care to limit any such designation to specific material, documents, items, or oral or written communications that qualify under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. **Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify

separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 10 court days after the transcript is made available to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 10 court days after the transcript is made available shall be covered by the provisions of this Stipulated Protective Order. Until such designation is timely made or the time to make such designation expires, the entire transcript shall be maintained in a confidential manner unless the Parties agree otherwise.

Unless otherwise agreed by the Parties, transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

5.3. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

1 its right to challenge a confidentiality designation by electing not to mount a challenge promptly
2 after the original designation is disclosed.

3     6.2. Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's
4 confidentiality designation must do so in good faith and must begin the process by conferring
5 directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel
6 for the Designating Party. In conferring, the challenging Party must explain the basis for its belief
7 that the confidentiality designation was not proper and must give the Designating Party an
8 opportunity to review the designated material, to reconsider the circumstances, and, if no change in
9 designation is offered, to explain the basis for the chosen designation.

10     6.3. Judicial Intervention. If the Designating Party elects not to amend its designation
11 after considering the challenge offered by the challenging Party, the Designating Party must serve a
12 written justification that identifies the designated material and sets forth in detail the basis for the
13 designation within fifteen (15) court days of receipt of the challenging Party's challenge to the
14 designation. If the Designating Party does not respond within fifteen (15) court days, the documents
15 will not be "Confidential" under the terms of this agreement. If the parties are not able to resolve
16 the dispute within fifteen (15) court days after the challenging Party's receipt of the Designating
17 Party's justification, the parties may file a Joint Statement with the Court setting forth the dispute
18 and setting the case for a hearing in at least thirty (30) days from the date the dispute is submitted to
19 the Court. The burden of persuasion in any such challenge proceeding shall be on the Designating
20 Party. Until the court rules on the challenge, all parties shall continue to afford the material in
21 question the level of protection to which it is entitled under the Producing Party's designation. The
22 parties shall not seek judicial intervention until they have first met and conferred under Paragraph
23 6.2.

24 **7. ACCESS TO AND USE OF PROTECTED MATERIAL**

25     7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or
26 produced by another Party or by a non party in connection with this case only for prosecuting,
27 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
28 the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during or prior to their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document or the original source of the information. However, even original authors or sources must keep information confidential if it is so marked.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

STIPULATED PROTECTIVE ORDER            8.            CASE NO. C 05 01777 MHP

1 Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 11. FINAL DISPOSITION

Unless otherwise, ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, the Designating Party shall inform the Receiving Party in writing of whether the Designating Party wishes to have the Protected Material returned to the Producing Party or destroyed by the Receiving Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. MISCELLANEOUS

Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.1. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: 10/20, 2005

ANNE-MARIE E. SARGENT
CONNOR & CHUNG
Attorneys for Plaintiff
LAUREN TARLECKI

Dated: 10/21, 2005

LAURA E. HAYWARD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
BEBE STORES, INC.

IT IS SO ORDERED.

_____
MARILYN HALL PATEL
United States District Judge

STIPULATED PROTECTIVE ORDER                    10.                    CASE NO. C 05 01777 MHP

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Tarlecki v. Bebe Stores, Inc.*, Case No. C 05-01777 MHP. I agree to comply with and to be bound by a the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
 [printed name]

Signature:_____
 [signature]

Firmwide:80521586.1 028164.1044