IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| LAUREN TARLECKI, et al., | Case No. CV 05-01777 MHP |
|---|---|
| Plaintiffs, | |
| v. | |
| BEBE STORES, INC. (a California Corporation), | |
| Defendant. | |

## FINDINGS AND ORDER PRELIMINARILY APPROVING THE CLASS SETTLEMENT, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS, SCHEDULING A SETTLEMENT HEARING, AND GRANTING MOTION TO FILE AMENDED COMPLAINT

WHEREAS, Plaintiff Lauren Tarlecki ("Plaintiff") has filed a Motion for Leave to File an Amended Class Action Complaint;

WHEREAS, the Amended Class Action Complaint seeks to assert a collective action and class action claims against Defendant bebe stores, inc. (a California Corporation) brought by the following representative plaintiffs: Lauren Tarlecki, Karen Pero, Pauline Khuu, Kathryn Springs, Bettie Joseph, Daniela Mikova Cook, Samantha Berke, Sherilyn McGah, Tiffany M. Norris, Daniella Abuamsha, Stormye Palmer, Ivanka Naydenova, Starla Cox Rito, Jolyn Campbell, Jessica Spray, Jennifer Anderson, Priscilla Perme, McKenna Cleminson, Daniel Hendrick, Manilade Walker-Dixon, Hillary Cicarello and Meghan Browning (collectively referred to as the "Named Plaintiffs");

WHEREAS, the Named Plaintiffs seek to represent a class which includes all female, hourly paid, non-management store employees who worked in a sales or support position at one or more of bebe's stores in the United States or Puerto Rico during the period May 1, 2003 to March 9, 2006, or at one or more of bebe's stores in the State of California during the period

of July 1, 2002 to March 9, 2006, or at one or more of bebe's stores in the State of Illinois during the period of September 15, 2001 to March 9, 2006, or at one or more of bebe's stores in the States of New York or Oregon during the period of September 15, 2000 to March 9, 2006 and who claim they were required and/or pressured by bebe to purchase and/or wear bebe clothing and/or accessories, and who were not reimbursed for such purchase(s) (the "Class");

WHEREAS, the Class, in the Amended Class Action Complaint, seeks to assert claims under the Fair Labor Standards Act, and relevant statutes in the states of Arizona, California, Florida, Illinois, Massachusetts, Maryland, Michigan, New Jersey, Nevada, New York, Ohio, Oregon, Pennsylvania, Texas, Virginia, and Washington, which provide a legal basis challenging the Defendant's alleged practice of requiring and/or pressuring its employees to purchase and/or wear bebe clothing and/or accessories, and failing to reimburse employees for such purchase(s);

WHEREAS, the parties and their attorneys have entered into a Settlement Agreement and Release, dated April 2, 2007, in which the parties have agreed upon a settlement of the Litigation, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in the certification of the Class for settlement purposes only and the dismissal of the Litigation with prejudice; and

WHEREAS, unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as the terms defined in the Settlement Agreement and Release.

NOW, THEREFORE, upon reviewing the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement") and upon reviewing all prior proceedings herein, on application of the parties and based on the record,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. Plaintiff's Motion for Leave to File an Amended Class Action Complaint is granted and the Amended Class Action Complaint is deemed filed. Defendant shall be excused from filing a responsive pleading. This case will hereafter be referred to as the Litigation.

2. The Court has subject matter jurisdiction over the Litigation pursuant to 28 U.S.C. § 1331 because the Named Plaintiffs and the Class assert claims under the FLSA.

3. The Court has supplemental jurisdiction over the state law claims asserted by the Named Plaintiffs and the Class pursuant to 28 U.S.C. § 1367 because the state law claims share a "common nucleus of operative fact" with the FLSA claims at issue in the Litigation. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

4. The Court hereby appoints Gary F. Lynch and R. Bruce Carlson of the law firm Carlson Lynch LTD and Stephen P. Connor and Anne-Marie E. Sargent of the law firm Connor & Sargent as interim counsel for the Class finding that these counsel meet the requirements of Rule 23(g)(B) and (C) (collectively referred to as "Plaintiffs' Counsel").

5. The Court hereby approves the appointment of the Named Plaintiffs as representatives of the Class for settlement purposes only.

6. The Settlement Agreement falls "within the range of possible approval" (Manual for Complex Litigation 3d Section 30.41), and therefore is preliminarily approved as being sufficient to warrant sending notice to the putative Class under Fed. R. Civ. P. Rule 23 and under Section 216(b) of the FLSA and scheduling a Final Hearing.

7. The Court authorizes and directs that class mail notice should be sent to all Class Members.

8.  A Final Hearing shall be held on ~~March 17, 2008~~ May 19, 2008, or at such later date as the Court may direct, at 2:00 p.m., at the United States District Court, Northern District of California, Courtroom 15, 450 Golden Gate Avenue, San Francisco, California, to consider whether the Class meets the requirements for certification as a class under Fed. R. Civ. P. Rule 23(a) and (b)(3) and as a collective action under Section 216(b) of the FLSA, for settlement purposes only, to evaluate the fairness, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved by the Court pursuant to Fed. R. Civ. P. 23(e) and Section 216(b) of the FLSA, to consider whether the application of the Plaintiffs' Counsel for an award of attorneys' fees and costs, and any incentive awards to the Named Plaintiffs, should be approved, and whether it should enter a final order.

9.  The proposed Class Mail Notice (Exhibit A hereto), the proposed Claim Form (Exhibit B hereto), and the Notice Plan (Exhibit C hereto) are hereby approved. Counsel who have appeared before this Court in this case shall not directly or indirectly initiate contact or communicate with Class Members during the notice and exclusion period regarding this case, the claims asserted and/or resolved in this case, or a Class Member's decision as to how to respond to the Notice. Nothing herein shall be construed as prohibiting communications which are initiated by a Class Member or communications between Class Counsel and the Named Plaintiffs.

10. The Settlement Agreement contemplates a notice methodology that is the best practicable notice, is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Litigation, the terms of the proposed settlement, and of their right to object to or exclude themselves from the proposed settlement, is reasonable and constitutes due, adequate and sufficient notice to all person entitled to receive the notice, and meets all applicable

4

requirements of law, including, but not limited to, Fed. R. Civ. P. Rule 23, Section 216(b) of the FLSA, and the Due Process Clause of the United States Constitution.

11. Subject to the terms of the Settlement Agreement, Defendant is authorized to retain one or more third-party administrators to implement the terms of the Settlement Agreement, including the notice provisions thereof.

12. Defendant or its designee(s) shall cause the Class Mail Notice and Claim Form (collectively "Class Mail Notice") to be mailed to each member of the Class by first-class mail, postage prepaid, to the Class Member's last known address no later than ~~December 14, 2007.~~ February 14, 2008.

13. Defendant or its designee(s) shall: (i) remail any Class Mail Notice returned by the Postal Service to the Settlement Administrator with a forwarding address; and (ii) make reasonable efforts to attempt to find a current address for any returned Class Mail Notice that does not include a forwarding address, consistent with the terms of the Notice Plan.

14. Defendant or its designee(s) shall file proof of the mailing of Class Mail Notice and all follow-up required by the Notice Plan and consistent with the terms of the Settlement Agreement.

15. Each member of the Class who wishes to be excluded from the Class shall submit a timely written request for exclusion in the form of an Opt Out Form to the Settlement Administrator. The Opt Out Form must be signed personally by the person who seeks to be excluded from the Class and be postmarked by ~~February~~ April 15, 2008. No Class Member may opt out by having a request to opt out submitted by an actual or purported agent or attorney acting on behalf of a Class Member. No opt out request may be made on behalf of a group of members of the Class.

5

16. If Class Members' opt-outs result in the exclusion from the settlement of 50 or more of otherwise eligible Class Members, at Defendant's option, all of Defendant's obligations under the Settlement Agreement shall cease to be of any force and effect, and the Settlement Agreement and any orders entered in connection therewith shall be vacated, rescinded, canceled, and annulled. If Defendant exercises this option, the Parties shall return to the status quo in the Litigation as if the Parties had not entered into the Settlement Agreement. In addition, in such event, the Settlement Agreement and all negotiations, court orders, and proceedings relating thereto shall be without prejudice to the rights of any and all Parties hereto, and evidence relating to the Settlement Agreement and all negotiations shall not be admissible or discoverable in the Litigation or otherwise, as provided by law. Defendant must exercise its option pursuant to this paragraph no later than the date specified in the Notice Plan (Exhibit C hereto) by giving written notice of such exercise to Plaintiffs' counsel.

17. Any Class Member who does not submit a timely, written request for exclusion from the Class, consistent with the terms of the Settlement Agreement (including exhibits) and paragraph 15 hereof, shall be bound thereby as to all Settled Claims under the laws of the United States and the States of Arizona, California, Florida, Illinois, Massachusetts, Maryland, Michigan, New Jersey, Nevada, New York, Ohio, Oregon, Pennsylvania, Texas, Virginia, and Washington, by all proceedings, orders, and judgments in the Litigation, even if such Class Member has previously initiated or subsequently initiates or participates in individual or class litigation against the Defendant or other proceedings encompassed by the Settled Claims, provided that a Class Member who does not submit a Claim Form shall not be deemed to have released claims arising solely under the FLSA but shall be deemed to have released all other Settled Claims.

18. Settled Claims means and includes any and all claims, demands, actions, causes of action, rights, offsets, suits, damages (whether general, special, punitive, multiple, or otherwise), lawsuits, liens, costs, losses, expenses, penalties or liabilities of any kind whatsoever, no matter how styled or pled, for any relief whatsoever, including monetary, injunctive or declaratory relief, or for reimbursement of attorneys' fees, costs or expenses, whether known or unknown, whether direct or indirect (whether by assignment or otherwise), whether arising under any federal, state and/or local law, statute, ordinance, regulation, common law or any other source or basis, whether or not the legal theory was pled in the Litigation, whether suspected or unsuspected, whether contingent or vested, which any Named Plaintiff, Participating Class Member, and/or any Plaintiff Class Member has had, now has, or may have against the Released Parties or any of them, which is, in whole or in part, based on or arising out of any claim or contention that the Named Plaintiff, Participating Class Member, and/or Plaintiff Class Member, or any or all of them, was required or pressured in any way by bebe or any agent or employee of bebe to purchase (without reimbursement), acquire, or wear any bebe clothing, accessory, and/or other item.

19. Each Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, or to the award of Attorneys' Fees and Expenses or any incentive awards to representative plaintiffs, shall provide to Plaintiffs' Counsel and Defendant's Counsel and file with the Court, so as to be postmarked no later than ~~February~~ April 15, 2008, at the address listed in the Class Mail Notice, a written statement of the objection, as well as the specific reasons, if any, for each objection, including all legal support the Class Member wishes to bring to the Court's attention and all evidence the Class Member wishes to introduce in support of the objections.

7

20. All objections must be in writing signed by the Class Member and must include: (1) the Class Member's name, address, and telephone number; (2) a statement of the objection(s) and all supporting evidence the Class Member wishes to introduce; and (3) the case name and number of the Litigation.

21. Any attorney hired by a Class Member at the Class Member's expense for the purpose of objecting to the Settlement, or to the award of Attorneys' Fees and Expenses, shall file with the Clerk of Court and provide Plaintiffs' Counsel and Defendant's Counsel a written notice of appearance so as to be received no later than ~~February~~ April 15, 2008.

22. Any Class Member who files and serves a written objection and who intends to make an appearance at the Settlement Hearing, shall provide to Plaintiffs' Counsel and Defendant's Counsel and file with the Court so as to be postmarked no later than ~~February~~ April 15, 2008, a written notice of intention to appear. A Class Member may appear either in person or through personal counsel. If represented by personal counsel, the counsel will be hired at the Class Member's expense. The notice of intention to appear must include an identification of witnesses the objecting Class Member intends to call at the Final Hearing and any exhibits the Class Member intends to offer into evidence at the Final Hearing.

23. Plaintiffs' counsel and Defendant's counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

24. Any Class Member who does not make his or her objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement.

IT IS SO ORDERED this  24th  day of  January    , ~~2007~~. 2008.

_____
HONORABLE MARILYN HALL PATEL
UNITED STATES JUDGE
NORTHERN DI...

IT IS SO ORDERED
*[signature]*
Judge Marilyn H. Patel